FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 6 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

James J. Hanlon
579 E. Montebello Ave.
Apache Junction, AZ 85119
928-243-2840
Hanlon57@live.com
Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES J. HANLON, | Case No.:  **CV23-00177-PHX-SPL** |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| JERRY JENNEX, both in his individual capacity and in his official capacity as Superintendent of the Globe Unified School District | |
| and | |
| GLOBE UNIFIED SCHOOL DISTRICT, a political subdivision of the State of Arizona, | |
| Defendants, | |

## **VERIFIED COMPLAINT**

James J. Hanlon, ("Hanlon") states and complains as follows:

## **INTRODUCTION**

1.      Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution. More specifically, this Complaint seeks to protect a high school principal's well-

established First Amendment right to freedom of expression. Almost immediately after Hanlon told Defendant Superintendent Jennex that Hanlon intended to address some concerns to the Globe Unified School Board at a Call to the Public during one of their regularly scheduled meetings, Defendant Superintendent Jennex told Hanlon that he would no longer be the Globe High School Principal, that Hanlon was now on "administrative leave," that Hanlon was to clean out his Principal's office and vacate the Globe High School Campus. Defendant Jerry Jennex also offered to pay Hanlon through the end of December 2022, pay Hanlon's health insurance through the end of Hanlon's contract is through June 30, 2022, and threatened to recommend to the Globe Unified School District Governing Board that non-renew Hanlon's contract for the next school year if Hanlon did not accept his offer and resign, which the school board has done. This lawsuit seeks to enjoin the district's unconstitutional conduct, obtain a declaration of rights and recover damages for this violation of Hanlon's constitutional rights.

### JURISDICTIONAL ALLEGATIONS

2.      This Court has subject matter jurisdiction under (a) 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States; (b) 28 U.S.C. §1343 because this action seeks to redress the deprivation of Hanlon's rights by the Defendants acting under color of state law; and (c) because this action seeks a declaratory judgment. This Court also has supplemental and/or pendent jurisdiction over state constitutional, common law, and statutory claims under 28 U.S.C. §1367 and

42 U.S.C. §1988. Additionally, this Court has jurisdiction over Plaintiff's state and federal claims under Article 6, Section 14 of the Arizona Constitution.

3.      Venue is proper in this Court under 28 U.S.C. §1391(b) because substantially all of the events that give rise to the claims in this action occurred in Gila and Pinal Counties, Arizona.

## THE PARTIES

4.      Hanlon was the Principal of Globe High School when the relevant events in this case began. Globe High School is a school within the Globe Unified School District located in Globe, Arizona. Hanlon is an Arizona state-certified principal and a citizen and resident of the State of Arizona.

5.      Defendant Superintendent Jennex ("Superintendent Jennex") is a citizen and resident of the State of Arizona. He is sued both in his individual capacity and in his official capacity as the superintendent of Globe Unified School District. Superintendent Jennex is a "person" for liability under section 1983. At all relevant times, Defendant Superintendent Jennex acted under color of state law.

6.      Defendant Globe Unified School District ("the District") is a political subdivision of the State of Arizona and operates public elementary, middle, and high schools in Globe, Arizona. The District is a "person" for purposes of liability under section 1983.

7.      The Governing Board of the Globe Unified School District has official,

vicarious, direct, and supervisory liability for the Globe Unified School District

Superintendent, and its other officers, agents, and employees.

## **FACTUAL ALLEGATIONS**

8.    On September 23, 2022, Hanlon, while employed as the Globe High School

Principal, sent an email to Defendant Superintendent Jennex, Christa DalMolin East,

Assistant Superintendent of Globe Unified School District, and Audra Gutierrez,

Assistant Principal of Globe High School.

9.    That email in full stated,

> Hello,
> I would very much like to have a time when the three of you, me, and the
> board members can meet informally to see if we can all come to a mutual
> understanding about where we are and where we want to go as far as
> providing the best possible education for our GHS students. I don't have a
> good feel for what you and the board members would like to see me and
> Audra specifically accomplish in our roles as principal and assistant
> principal/athletic director. The only specific feedback I feel I've received
> from board members is about the increased emphasis we've put on
> reading since I arrived here and the bell schedule we just revised. I believe
> achieving greater unity between all of us would be a great benefit to us,
> our students, their families, my staff, and the community.
> Jim Hanlon, J.D., M.Ed.
> 928-243-2840

This email is attached to this Complaint as Exhibit 1 and incorporated as if fully

set forth herein.

10.    When Defendant Superintendent Jennex failed to set up the requested

meeting referred to in paragraph 11 above, Hanlon send a follow-up email to Jennex on

October 5, 2022, stating, in part,

4

> If you aren't willing to schedule an informal time for me to meet with you, Christa, Audra, and the board as I requested weeks ago, I will take an opportunity very soon to speak to the board at a call to the public. I want to hear from the board whether they want a principal that will keep doing what's been done here for the past nine years continuing to get the same generally poor academic outcomes, or if they want a principal that will make the necessary changes to improve the academic outcome for our students so they will be much more college and career ready than the students we are currently graduating.

This email is attached to this Complaint as Exhibit 2 and incorporated as if fully set forth herein.

11.    Within a few hours of Hanlon sending the email referred to above on October 50, 2022, Defendant Superintendent Jennex called Hanlon to his office.

12.    When Hanlon arrived at Defendant Superintendent Jennex's office early in the afternoon of October 5, 2022, Defendant Superintendent Jennex told Hanlon that he would no longer be the Globe High School Principal, that Hanlon was now on "administrative leave," that Hanlon was to clean out his office and vacate the Globe High School Campus.

13.    During that same meeting referred to above, Defendant Superintendent Jennex offered to pay Hanlon through the end of December 2022, pay Hanlon's health insurance through the end of Hanlon's contract is through June 30, 2022, and threatened to recommend to the Globe Unified School District Governing Board that non-renew Hanlon's contract for the next school year if Hanlon did not resign.

14.    Hanlon did not accept or decline Defendant Superintendent Jennex's offer.

5

15.     When Hanlon returned to the Globe High School Campus after leaving Defendant Superintendent Jennex's office, Hanlon took a few minutes to say goodbye to some staff members including some teachers. The staff members Hanlon spoke to expressed shock at the news that Hanlon had been placed on "administrative leave" for expressing his intention to speak to the Governing Board, that he had been removed as Globe High School Principal, and that he had been directed to immediately vacate his office.

16.     While Hanlon was saying goodbye to staff members, Defendant Superintendent Jennex appeared on the Globe High School Campus and directed Hanlon to immediately stop communicating with staff and to remove Hanlon's personal belongings from the principal's office.

17.     Defendant Superintendent Jennex's appearance and demands made in the presence of staff members caused Hanlon great embarrassment and stress.

18.     On October 11, 2022, Defendant Superintendent Jennex followed up on his meeting with Hanlon on October 5, 2022, with a letter reiterating his offer and his threat to recommend non-renewal if Hanlon did not resign as described in paragraphs 14-15 above. That letter is attached to this Complaint as Exhibit 3 and incorporated as if fully set forth herein.

19.     Defendant Superintendent Jennex in his letter dated October 11, 2002, also stated, "In regards to your stated request to meet with the governing board, I can

see no reason for that to occur." Exhibit 3.

20.     Hanlon is still assigned to "administrative leave" as of the filing of this Complaint and believes that Defendant Superintendent Jennex, Frankie DalMolin, and the Governing Board intend that Hanlon will be on "administrative leave" until Hanlon's current contract expires on June 30, 2023, unless this Court intervenes.

21.     Attached to this Complaint are two envelopes received by Hanlon on December 21, 2022. The first envelope (Exhibit 4) has a postage stamp of December 14, 2022. That envelope was delivered to Hanlon inside the second envelope (Exhibit 5), which has a postage stamp dated December 19, 2022. Inside the first envelope was a letter, upon information and belief, from Defendant Superintendent Jennex stating he would be recommending at the Globe Unified School District Governing Board meeting on December 21, 2022, that Hanlon's contract for the 2023-2024 school year not be renewed. Exhibits 4-5 are attached to this Complaint and incorporated as if fully set forth herein.

22.     After the Governing Board met on December 21, 2022, Hanlon received a letter from Frankie DalMolin notifying Hanlon that the board voted to not renew Hanlon's contract for the 2023-2024 school year. That letter is attached to this Complaint as Exhibit 6 and incorporated as if fully set forth herein. There have not been any other written communications between Plaintiff and the Defendants since October 5, 2022, other than what have been referenced here.

23.     Fearing potential additional retaliatory action by Defendant Superintendent Jennex and/or retaliatory action by Frankie DalMolin and/or the Globe Unified School District Governing Board, Hanlon has not, through the time of the filing of this Complaint in court, spoken at a Call to the Public or in any other manner before the Globe Unified School District Governing Board.

24.     Staff members of Globe High School mailed Hanlon three anonymous letters describing how they were impacted after Hanlon was placed on "administrative leave" by Defendant Superintendent Jennex. These letters are attached hereto as Exhibits 7-9. One of these staff members stated in their letter,

> It appears Hanlon was tossed out of spite and disagreements with leadership rather than a difference in "teaching philosophy." This has created more damage than anyone could've possibly known. It has shaken staff members who are now uncertain if future leadership could live up to what Hanlon created. It has created fear among staff that the district will target any staff member who voices concerns or criticism at the district, being labeled as "incompatible" as well. Staff are afraid to send school emails to each other talking about this, fearing the district is "listening in on them" and will get rid of them if they side with Hanlon (which many of them already do, they just won't say it openly).

Exhibit 7.

Another staff member wrote,

> As I understand it, Mr. Hanlon is an honest man with an honest interest in the students' personal and academic wellbeing. I struggle to understand how that philosophy conflicts with that of GUSD's (Globe Unified School District's). I as an educator, I am very sad to see how Mr. Hanlon was forced to leave the high school, because we lost a *highly* valuable member on our team. Also, this event has forged distrust amongst our teachers and administration. Various teachers have mentioned how they feel that what

8

> happened to Mr. Hanlon was unjust, but fear of speaking up due to
> retaliation or being forced out of a job like he was. Others have looked
> back to other instances within these past few years where other teachers
> were *incompatible* and were asked to leave just like Mr. Hanlon. And
> others have confessed with their colleagues that they feel as if they are
> next in line, not because of their incompetence at work, but because of
> the Administration's dislike for them as a person.

Exhibit 8.

A third staff member wrote,

> I hope Admin can place themselves in our shoes as well and see how this
> event was seemingly unjust from our perspective. And by saying that I
> don't mean to imply anything or attack anyone, I would just like to ask for
> a little more transparency to ensure teachers continue feeling that they
> can trust our Admin.

Exhibit 9.

These letters are attached to this Complaint as Exhibit 7-9 and incorporated as if

fully set forth herein.

25.     Upon information and belief, before Hanlon was placed on "administrative

leave" on October 5, 2022, no employee of the Globe Unified School District was ever

placed on "administrative leave" or otherwise faced significant or even any discipline

(suspension, demotion, and/or termination) based upon their stated intention to speak

during a Call to the Public at a Globe Unified School District Board meeting or after

actually speaking at a Call to the Public at a Globe Unified School District Board meeting.

26.     Upon information and belief, no employee was ever told it would be a

violation of any Globe Unified School District policy for an employee to make critical

9

comments about anything concerning the Globe Unified School District during a Call to the Public at any Globe Unified School District school board meeting.

27.     In April or May 2022, Abagail Jennex, Superintendent Defendant Superintendent Jennex's daughter, and a teacher and the Career and Technical Education (CTE) Coordinator at Globe High School, said she intended to, and did speak, at a Call to the Public at a Globe Unified School District Board meeting and, upon information and belief, made comments critical about the past failings of CTE program at Globe High School.

28.     Upon information and belief, Abagail Jennex was never placed on "administrative leave" or faced any, or significant discipline (suspension, demotion, and/or termination) based upon her critical comments at the Call to the Public at a Globe Unified School District Board meeting in April or May 2022.

### COUNT I

#### Violation of the First Amendment – 42 U.S.C. § 1983

29.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

30.     The First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the United States Constitution and enforceable pursuant to 42 U.S.C. § 1983, provides that states may not abridge the freedom of speech. The First Amendment secures the rights of individuals, including

employees, to express themselves without unjustified interference or constraint by the government, including public school districts, which may not prohibit employees from speaking during a Call to the Public at school board meetings just because the district finds an employee's ideas offensive or disagreeable.

31.     Hanlon's stated intention to Superintendent Jennex constitutes speech, symbolic action, and expressive conduct protected by the First Amendment to the United States Constitution.

32.     Defendant Superintendent Jennex took action against Hanlon, including making threats of suspension, against Hanlon to inhibit, suppress and otherwise regulate his speech because of the expressive content, viewpoint, symbolic value, and/or communicative impact of his stated intention. Defendant Superintendent Jennex's conduct has had the desired effect of chilling Hanlon's right to free speech and expression and was a de facto discipline of Hanlon as a direct result of Hanlon's stated intention to address the Governing Board during a Call to the Public at an upcoming school board meeting.

33.     At all times concerning the actions described herein, Defendants acted under color of state law.

34.     Defendant Superintendent Jennex's actions, were confirmed by the Governing Board of the Globe Unified School District's decision to follow Defendant Superintendent Jennex's recommendation to non-renew Hanlon's contract for the

2023-2024 school year, thus ratifying Defendant Superintendent Jennex's recommendation as the official position of the district and, therefore, those actions are deemed to be the actions of the district itself for purposes of liability under section 1983.

35.    Both Defendant Superintendent Jennex's and the District's actions were not narrowly tailored to achieve a compelling state interest.

36.    Defendants violated Hanlon's rights, privileges, and immunities under the First Amendment of the United States Constitution, made applicable to Defendants by the Fourteenth Amendment.

37.    Plaintiff is suffering significant emotional and mental distress on a regular basis because he is on "administrative leave" not being allowed to do the job he was hired to do and not feeling free to exercise his First Amendment right to Free Speech for fear of additional immediate reprisals by the Defendants if he does so.

38.    Hanlon fears that without this Court's intervention, Defendants will continue to inflict harm upon him by continuing him on "administrative leave" for the rest of his contract, which ends on June 30, 2022.

39.    Hanlon also needs the Court's injunctive relief to allow Hanlon's contract to be renewed for the 2023-2024 school year.

## COUNT II

### Violation of the Fourteenth Amendment – 42 U.S.C. § 1983

40.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

41.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny any person the equal protection of the laws.

42.     Under the Equal Protection Clause, Defendants may not grant the use of a forum to people whose views they find acceptable, but deny its use to those wishing to express less favored or more controversial views. There is an equality of status in the field of ideas and Defendants must afford all points of view an equal opportunity to be heard. Once a forum is opened up to assembly or speaking by some groups, Defendants may not prohibit others from assembling or speaking based on what they intend to say.

43.     Defendant Superintendent Jennex's failure to place his daughter and district employee, Abigail Jennex on "administrative leave" or to otherwise discipline her for her critical comments before the governing board, but placing Hanlon on "administrative leave" for merely stating that he intended to address the governing board is unequal treatment under the 14th Amendment and cannot withstand judicial scrutiny.

44.     Defendant Superintendent Jennex claims in his letter to Hanlon that

Hanlon was placed on "administrative leave" because his and Hanlon's "leadership philosophies were incompatible." However, Defendant Superintendent Jennex in his letter dated October 11, 2022 (Exhibit 3), specifically addressed Hanlon's stated intent to speak to the governing board stating, "I can see no reason for that to occur." Here, is clear on its face that Defendant Superintendent Jennex placed specifically placed Hanlon on "administrative leave" not because their "leadership philosophies were incompatible, but as retaliation for Hanlon's expressed intent to communicate directly with the Governing board.

45.     Defendant Superintendent Jennex's placement of Hanlon on "administrative leave" is unconstitutional as its purpose and effect are to chill otherwise protected speech by public employees on matters of public concern.

46.     At all times concerning the actions described herein, Defendants acted under color of state law.

47.     Defendant Superintendent Jennex's actions, were confirmed by the Governing Board of the Globe Unified School District's decision to follow Defendant Superintendent Jennex's recommendation to non-renew Hanlon's contract for the 2023-2024 school year, thus ratifying Defendant Superintendent Jennex's recommendation as the official position of the district and, therefore, those actions are deemed to be the actions of the district itself for purposes of liability under section 1983.

48.     Both Defendant Superintendent Jennex's and the District's actions were not narrowly tailored to achieve a compelling state interest.

49.     Defendants violated Hanlon's rights, privileges, and immunities under the First Amendment of the United States Constitution, made applicable to Defendants by the Fourteenth Amendment.

50.     Plaintiff suffered and continues to suffer chilling suppression of his First Amendment right to speak to the Governing Board regarding matters of public concern.

51.     Hanlon fears that without this Court's intervention, Defendants will continue to inflict harm upon him by continuing Hanlon on "administrative leave" for the rest of his contract, which ends on June 30, 2022.

52.     Hanlon also needs the Court's injunctive relief to allow Hanlon's contract to be renewed for the 2023-2024 school year.

**COUNT III**

**STATE CLAIMS - ARBITRARY AND CAPRICIOUS TREATMENT**

53.     Arbitrary and capricious conduct is willful and unreasonable action without consideration or regard for the facts and circumstances.

54.     Defendants had a duty to Hanlon to treat him reasonably and fairly without acting arbitrarily and capriciously toward him when he expressed his intention to speak to the board.

55.     Defendant Superintendent Jennex's placement of Hanlon on

15

"administrative leave" was arbitrary and capricious given that another employee, Abagail Jennex, made critical comments during a Call to the Public at a Globe Unified School District Board meeting a few months before Hanlon's stated intention to do the same thing, but that did not result in her being placed on "administrative leave" or in any kind of discipline.

56.     At all times concerning the actions described herein, Defendants acted under color of state law.

57.     Defendant Superintendent Jennex's actions, were confirmed by the Governing Board of the Globe Unified School District's decision to follow Defendant Superintendent Jennex's recommendation to non-renew Hanlon's contract for the 2023-2024 school year, thus ratifying Defendant Superintendent Jennex's recommendation as the official position of the district. Therefore, those actions are deemed to be the actions of the district itself for purposes of liability.

58.     Both Defendant Superintendent Jennex's and the District's actions were not narrowly tailored to achieve any compelling state interest.

59.     The defendants' failure to treat Hanlon the same as other employees is willful and unreasonable actions that were taken without consideration or regard for the facts and circumstances that Defendant Superintendent Jennex's daughter, Abigail actually made critical comments to the board, whereas Hanlon only stated his intention to make comments at some future board meeting.

60.     The defendants cannot justify their disparate treatment of Hanlon. The only conclusion that can be drawn from the defendants' actions is that they intentionally or recklessly imposed sanctions against Hanlon to silence the comments he intended to make to the board related to matters of public concern regarding his role as Globe High School Principal.

61.     Hanlon will face further damages and chilling effects if Defendants are allowed to continue their actions against Hanlon.

62.     Defendants' retaliatory actions against Hanlon have caused and will continue to cause actual damages to Hanlon in the form of money that will be expended to reverse the Defendants' actions and/or failures to act to protect Hanlon's free speech rights, emotional and mental distress, damage to Hanlon's reputation, his opportunities for continued employment as the Globe High School Principal, and for other employment opportunities in the future in any other school district.

63.     Defendants' wrongful conduct both actually and proximately caused damage to Hanlon in the form of damaged reputation, emotional and mental harm, continued employment by the district, loss of future employment opportunities, and attorney's fees in an amount to be determined by a jury.

## COUNT IV

## STATE CLAIMS - NEPOTISM

64.     Plaintiff realleges each and every allegation set forth in the paragraphs

above and incorporates each allegation by this reference.

65.     A.R.S. §38-504 (C) states,

A public officer or employee shall not use or attempt to use the officer's or employee's official position to secure any valuable thing or valuable benefit for the officer or employee that would not ordinarily accrue to the officer or employee in the performance of the officer's or employee's official duties if the thing or benefit is of such character as to manifest a substantial and improper influence on the officer or employee with respect to the officer's or employee's duties.

66.     Superintendent Jerry Jennex violated ARS 38-504 by de facto disciplining Hanlon when he knew or should have known that his daughter, Abigail Jennex, hadn't been disciplined after making her comments to the Board during a Call to the Public in April or May 2022.

67.     By failing to discipline his daughter, Abigail Jennex, for making her comments to the Board during a Call to the Public in April or May 2022, Jennex conferred a benefit on his daughter Abigail Jennex, by using his official position to shield her from being placed on "administrative leave," or from being disciplined, which secured a valuable and substantial benefit on Abigail that would not ordinarily accrue to her but for Superintendent Jerry Jennex's failure to use his official office to have Abigail disciplined as the Hanlon was de facto disciplined, all of which manifests a substantial and improper influence in Abigail's favor, shielding her from the discipline which Abigail would have faced had she not been Jennex's daughter.

68.     At all times concerning the actions described herein, Defendants acted under color of state law.

18

69.     Defendant Superintendent Jennex's actions, were confirmed by the Governing Board of the Globe Unified School District's decision to follow Defendant Superintendent Jennex's recommendation to non-renew Hanlon's contract for the 2023-2024 school year, thus ratifying Defendant Superintendent Jennex's recommendation as the official position of the district and, therefore, those actions are deemed to be the actions of the district itself for purposes of liability under section 1983.

70.     Both Defendant Superintendent Jennex's and the District's actions were not narrowly tailored to achieve a compelling state interest.

71.     Based on Defendant Jerry Jennex's conferral of a benefit on his daughter by not placing his daughter Abigail Jennex, on "administrative leave," or disciplining her, Defendant Jerry Jennex's and the district's actions against Hanlon cannot be allowed to stand and justify this Court declaring that Defendant Jerry Jennex unlawfully exercised nepotism in conferring a benefit on his daughter that was not likewise conferred on Hanlon.

**COUNT V**

**STATE CLAIMS - GOOD FAITH AND FAIR DEALING**

72.     Plaintiff realleges each and every allegation set forth in the paragraphs above and incorporates each allegation by this reference.

73.     The duty of good faith and fair dealing is implied in every contract.

Rawlings v. Apodaca, 151 Ariz. 149, 726 P.2d 565 (1986).

74.     Defendant Superintendent Jennex breached the duty of good faith and fair dealing that is implied in every contract in Arizona by intentionally placing Hanlon on "administrative leave," when Defendant Superintendent Jennex knew his action was de facto discipline for Hanlon's stated intention to Defendant Superintendent Jennex that he was going to exercise of his constitutional right to speak to the board.

75.     Defendant Superintendent Jennex did not act in good faith toward Hanlon when he decided to violate Hanlon's constitutional right to free speech by retaliating against Hanlon in the ways described in this Complaint.

76.     At all times concerning the actions described herein, Defendants acted under color of state law.

77.     Defendant Superintendent Jennex's actions, were confirmed by the Governing Board of the Globe Unified School District's decision to follow Defendant Superintendent Jennex's recommendation to non-renew Hanlon's contract for the 2023-2024 school year, thus ratifying Defendant Superintendent Jennex's recommendation as the official position of the district and, therefore, those actions are deemed to be the actions of the district itself for purposes of liability under section 1983.

78.     Both Defendant Superintendent Jennex's and the District's actions were not narrowly tailored to achieve a compelling state interest.

79.    Defendants' wrongful conduct both actually and proximately caused damage to Hanlon in the form of damaged reputation, emotional and mental harm, continued employment by the district, loss of future employment opportunities, and attorney's fees in an amount to be determined by a jury.

### COUNT VI - FEDERAL DUE PROCESS RIGHTS and JUDICIAL REVIEW

80.    Plaintiff realleges each and every allegation set forth in the paragraphs above and incorporates each allegation by this reference.

81.    Unless otherwise specified, Defendants were at all material times acting under the color of law.

82.    Defendants breached Hanlon's federal due process rights under the 14th Amendment of the U.S. Constitution.

83.    It started when Defendant Jerry Jennex mailed Hanlon a letter notifying Hanlon that he would be recommending to the governing Board during their meeting on December 21, 2022, that the governing Board not renew Hanlon's contract for the 2023-2024 school year.

84.    That letter was not delivered to Hanlon until the very day that the governing board took up Defendant Jerry Jennex's recommendation on December 21, 2022.

85.    Exhibit 5 shows that the envelope containing Defendant Jerry Jennex's letter to Hanlon wasn't processed by the USPS in Phoenix until December 21, 2022.

21

86.     Because Defendant Jerry Jennex's letter wasn't delivered until December 21, 2022, Hanlon did not have a reasonable opportunity to prepare for and attend the governing board meeting on December 21, 2022, and present to the board his objections to Defendant Jerry Jennex's recommendation that the board not renew Hanlon's contract for the 2023-2024 school year, all of which is a violation of Hanlon's due process rights.

87.     Given this violation of Hanlon's federal due process right for the opportunity to object to the board's consideration of Defendant Jerry Jennex's recommendation that the board not renew Hanlon's contract for the 2023-2024 school year, the board's decision to not renew Hanlon's contract for the 2023-2024 school year must be struck down as unconstitutional.

## COUNT VII

### PUNITIVE DAMAGES AGAINST DEFENDANT SUPERINTENDENT JENNEX

88.     Plaintiff realleges each and every allegation set forth in the paragraphs above and incorporates each allegation by this reference.

Punitive damages are available in a Section 1983 action *against an individual defendant* "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30 (1983). Punitive damages are intended as a deterrent against future constitutional deprivations by defendants.

89.    Defendant Superintendent Jennex's conduct was to silence Plaintiff. He clearly stated in his letter dated October 11, 2022 (Exhibit 3) that he saw "no reason" for Hanlon to meet with the board. Clearly, Defendant Superintendent Jennex wanted to reinforce this view by placing Hanlon indefinitely on "administrative leave" which he knew or should have known was a violation of Hanlon's constitutional rights.

90.    Defendant Superintendent Jennex knew or should have known that his premeditated actions would have an emotional and mental impact on Hanlon that most likely would cause him embarrassment, shame, and mental harm.

91.    In fact, Hanlon did suffer these impacts.

92.    Because Defendant Superintendent Jennex's actions were motivated by evil motive or intent or were reckless or a callous indifference to the federally protected rights of Hanlon, Defendant Superintendent Jennex is subject to punitive damages.

93.    Hanlon is also entitled to punitive damages against Defendant Superintendent Jennex for his arbitrary and capricious actions against Hanlon as well as for his violation of the duty of good faith and fair dealing that he owed to Hanlon.

## COUNT VIII

## PUNITIVE DAMAGES AGAINST DEFENDANT GLOBE UNIFIED SCHOOL DISTRICT

94.    Plaintiff realleges each and every allegation set forth in the paragraphs above and incorporates each allegation by this reference.

95.    Punitive damages are available in a Section 1983 action against a

government agency "when the defendant's conduct is shown to be "motivated by evil

motive or intent, or when it involves reckless or callous indifference to the federally

protected rights of others." Further, as with a school district,

> the knowledge that a municipality will be liable for all of its injurious
> conduct, whether committed in good faith or not, should create an
> incentive for officials who may harbor doubts about the lawfulness of their
> intended actions to err on the side of protecting citizens' constitutional
> rights. Furthermore, the threat that damages might be levied against the
> city may encourage those in a policymaking position to institute internal
> rules and programs designed to minimize the likelihood of unintentional
> infringements on constitutional rights.

*Monroe v. Pape*, 365 U.S. 167, 172 (1961).

96.    Defendant Superintendent Jennex knew or should have known that his

premeditated actions would have an emotional and mental impact on Hanlon that most

likely would cause him embarrassment, shame, and mental harm.

97.    In fact, Hanlon did suffer these impacts.

98.    Globe Unified School District's decision to follow Defendant

Superintendent Jennex's recommendation to not renew Hanlon's contract for the 2023-

2024 school year was also motivated by evil motive or intent or involves reckless or

callous indifference to the federally protected rights of Hanlon. Clearly, the district

intended to reinforce Defendant Superintendent Jennex's effort to silence by deciding

not to renew Hanlon's contract which it knew or should have known was a violation of

Hanlon's constitutional rights.

99.    Because Globe Unified School District's actions were motivated by evil

motive or intent or were reckless or a callous indifference to the federally protected rights of Hanlon, Globe Unified School District is subject to punitive damages.

100.    Hanlon is also entitled to punitive damages against Defendant Globe Unified School District for their arbitrary and capricious actions against Hanlon as well as for his violation of the duty of good faith and fair dealing that they owed to Hanlon.

### PRAYER FOR RELIEF

Plaintiff prays for judgment against the Defendants as follows:

(a) Interim and permanent injunctive relief to remedy past violations and to prevent further violations of Hanlon's' rights;

(b) General damages in an amount to be proven at trial, including but not limited to damages to reputation, emotional distress, lost profits, deprivation of constitutional rights;

(c) Punitive damages again both defendants;

(d) Costs and attorneys' fees as may be allowed by law; and

(e) Such other and further relief that is just and reasonable.

### JURY DEMAND

Plaintiff requests a trial by jury.

Dated this 26th day of January 2023.

By:   _James J. Hanlon_

James J. Hanlon

STATE OF ARIZONA  )
                  )
COUNTY OF ~~PINAL~~  )
         Maricopa

### VERIFICATION

    I, James J. Hanlon, hereby verify, under penalty of perjury, that the facts alleged in the foregoing Complaint are true and correct according to the best of my current information, knowledge, and belief.

_James J. Hanlon_
James J. Hanlon

Subscribed and sworn to before me this __26__ day of January 2023.

My commission expires: __10/20/24__

_____
Notary Public

MIKE KORBILAS
Notary Public - Arizona
Maricopa County
Commission # 589805
My Commission Expires October 20, 2024

26

CASE NO. _____

Hanlon
_____

VS. Jennex
_____

PLAINTIFF'S EXHIBIT 1 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
                    Deputy Clerk

From: **James Hanlon** james.hanlon@globeschools.org
Subject: **Board Work Study Session**
Date: **Sep 23, 2022 at 1:32:00 PM**
To: **J Jennex** JerryJennex@globeschools.org, **Christa DalMolin**
    Christa.DalMolin@globeschools.org
Cc: **Audra Gutierrez** Audra.Gutierrez@globeschools.org

Hello,

I would very much like to have a time when the three of you, me, and the board members can meet informally to see if we can all come to a mutual understanding about where we are and where we want to go as far as providing the best possible education for our GHS students. I don't have a good feel for what you and the board members would like to see me and Audra specifically accomplish in our roles as principal and assistant principal/ athletic director. The only specific feedback I feel I've received from board members is about the increased emphasis we've put on reading since I arrived here and the bell schedule we just revised. I believe achieving greater unity between all of us would be a great benefit to us, our students, their families, my staff, and the community.

Jim Hanlon, J.D., M.Ed.
928-243-2840

CASE NO. _____

Hanlon _____

VS. Jennex _____

PLAINTIFF'S EXHIBIT 2 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
          Deputy Clerk

From: **James Hanlon** james.hanlon@globeschools.org
Subject: **Choices**
Date: **Oct 5, 2022 at 11:49:00 AM**
To: **J Jennex** JerryJennex@globeschools.org

Mr. Jennex,

I feel we have some fundamental differences that I don't see the two of us getting resolved without the board's involvement. I feel like you are continually tieing my hands by not letting me make the changes I believe are necessary and you are effectively resolving the issues I've brought to you. For example,

1.   I don't see any new accounts in Fund 483 Tax Credits or Fund 526 Gifts and Donations added in Visions that Trent said he would make, now nine days ago. As I said to you individually in our meeting on September 25 and again in meeting with you and Trent after Ad Council that day, I can't properly manage our GHS finances under the current circumstances.

2.   We have been working on schedules for T2 for the past several weeks. Tomorrow is the last day before fall break. Those working on schedules still don't know whether Ms. Baker will be teaching afternoon classes next trimester.

3.   My understanding is that last March when you, Christa, Abby, and I met, Christa was going to do some research into the issue of Abby becoming a full-time CTE director and that after that was done that we would revisit that issue. Since then, I haven't heard a word about this except that Abby brought it up again last month in connection with the ADE Compliance Review issues that she was working to address.

4.   It seems that the CTE coordinator/director issue and most recently my intent to have an afterschool credit recovery plan don't get a response from you unless I continue to push for a response. I feel this is your way of avoiding issues you don't want to address or I simply get a no from you with no explanation unless I press you for one. I feel I received the same treatment regarding my request for an informal meeting with the board. You made a passing mention of my request, but you neither denied nor granted my request.

If you aren't willing to schedule an informal time for me to meet with you, Christa, Audra, and the board as I requested weeks ago, I will take an opportunity very soon to speak to the board at a call to the public. I want to hear from the board whether they want a principal that will keep doing what's been done here for the past nine years continuing to get the same generally poor academic outcomes, or if they want a principal that will make the necessary changes to improve the academic outcome for our students so they will be much more college and career ready than the students we are currently graduating. There are numerous surveys of college students who were asked to rate how well their high schools prepared them for the academic rigors of college life. I was surprised at the high percentage of college students who reported that their high school did a very poor job of

preparing them for the academic rigors of college life. I doubt this is what any of our board members want for their children, grandchildren, or any other GHS student.

Jim
928-243-2840

CASE NO. _____

Hanlon
_____

VS. Jennex _____

PLAINTIFF'S EXHIBIT 3 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
           Deputy Clerk



**Globe Unified School District No. 1**
460 N. Willow St. Globe, AZ  85501

| | | | |
|---|---|---|---|
| Frankie DalMolin | Jerry Jennex | Christa DalMolin-East | Trent Lyon |
| Board President | Superintendent | Deputy Superintendent/HR | Dir. of Business Operations. |

October 11, 2022

Mr. James Hanlon
579 E. Monte Bello
Apache Junction, AZ 85119

SENT via certified mail, 1st Class USPS mail and email to: hanlon57@live.com

Mr. Hanlon,

I am writing to reiterate and clarify the conversation I had with you on Wednesday, October 5, 2022.  In that conversation I indicated that you were being placed on administrative leave and that you would no longer be serving in the position of principal at Globe High School.  I indicated to you at that time our leadership philosophies were incompatible.  To clarify you are being placed on home assignment which means you are to be at your residence ready to report for duty within three hours each Monday through Thursday of your contractually scheduled days should I find duties I would like you to perform for the district.  Failure to be available would mean you are in violation of your employment contract.

I am also clarifying the district's position in regards to your current and future employment with the district. I indicated in our conversation that if you were to resign effective December 31, 2022, the district would be willing to pay your daily rate through that date and provided health insurance coverage through June 30, 2023.  If you choose not to resign, I will recommend to the Governing Board that it non-renew your contract at a point in time well within statutory time limits.

In regards to your stated desire to meet with the governing board, I can see no reason for that to occur.  As you stated in an email dated October 2, 2022 you reserve the right to speak to the governing board in their call to the public.  As I stated to you in our conversation on October 5th, I wish the parting of ways to be as amicable as possible.  I understand you were frustrated in your role here as indicated in a text I received on September 22, 2022 where you stated, "I'm ready to walk out the back door and not come back."  I believe your statement was indicative of your dissatisfaction with my leadership and clearly identified your ultimate feeling about serving as Globe High School Principal.

I would like the parting of ways to serve both the district and you well.  I believe your decisions and attempts to lead the high school were well intentioned.  As such, I wish you the best as you seek to find a position more compatible with your leadership style and philosophies.

Please feel free to contact me if you have questions about this letter, the offer for resignation, or other matters pertaining to the information in this communication.

Jerry Jennex, Superintendent

**Capturing Hearts, Empowering Minds**
Globe Unified School District will use its resources to emphasize academic achievement, promote lifelong learning and encourage community and global service.

CASE NO. _____

Hanlon
_____

VS. Jennex
_____

PLAINTIFF'S EXHIBIT 4 _____

DATE: _____IDEN.

DATE: _____ EVID.

  BY: _____
           Deputy Clerk

Globe Unified School District #1
460 N. Willow St.
Globe, Arizona 85501

James Hanlon
579 E. Monte Bello
Apache Junction, AZ  85119

CASE NO. _____

Hanlon
_____

VS. Jennex _____

PLAINTIFF'S EXHIBIT 5 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
Deputy Clerk

PRIORITY®
MAIL

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

APPLY PRIORITY MAIL POSTAGE HERE

PHOENIX AZ 852

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9011 5981 5089 9767 08

Label 400 Jan. 2013
7690-16-000-7948

For international shipments, the maximum weight is 4 lbs.

EP14H August 2020 Outer Dimensions: 10 x 5

CASE NO. _____

Hanlon
_____

VS. Jennex _____

PLAINTIFF'S EXHIBIT 6 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
                Deputy Clerk



**Globe Unified School District No. 1**
460 N. Willow St. Globe, AZ 85501

| Frankie DalMolin | Jerry Jennex | Christa DalMolin-East | Trent Lyon |
|---|---|---|---|
| Board President | Superintendent | Deputy Superintendent/HR | Dir. of Business Operations. |

James Hanlon
579 E. Monte Belo
Apache Junction, AZ 85119

Re: Notice of Intent Not to Renew Administrative Contract

Dear Mr. Hanlon:

This is to notify you, pursuant to A.R.S. §15-503.D,. that on December 21, 2022, the Governing Board of Globe Unified School District voted not to renew your administrative contract for the 2023-2024 school year.

Your employment with the District will end at the expiration of your current contract. If you have any questions about this matter, please feel free to contact the Superintendent.

Very truly yours,

*Frankie A. DalMolin*

Frankie DalMolin
Board President

**Capturing Hearts, Empowering Minds**
Globe Unified School District will use its resources to emphasize academic achievement, promote lifelong learning and encourage community and global service.

CASE NO. _____

Hanlon _____

VS. Jennex _____

PLAINTIFF'S EXHIBIT 7 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____
Deputy Clerk

To the School Board:

I am writing this letter in response to the situation regarding Mr. Hanlon's leave of absence put on him by administration. The reasoning given was that his leadership was "incompatible" with the philosophy of GHS. I have been able to work with Mr. Hanlon for several months since taking the position of principal and I must say I strongly disagree with the reasoning given. Mr. Hanlon is a straightforward individual, honest, transparent, and always has goals in place to better our school. He always tries to set long term goals for our school to achieve but puts in place shorter term goals that help us progress to said long term solutions. His methods or rules may not always be agreeable (for the record, I certainly haven't agreed with all of them) but he always gives a clear reason for them. If a rule is strongly disliked by the majority of staff, he is always open to change or revising his policies meaning, he does look for staff buy in which is huge for a principal to consider. He also has a good rapport with many of the students. It is true he can come off as a bit distant or by the books at times however he always goes the extra mile in reaching out to students, to their parents, relatives, etc in order to help the child succeed at GHS. Any time he sits down with a child during parent meetings, he makes it clear how much he cares about the student and wants to help them succeed but also makes it clear that the child must do their part in order to facilitate that success. And his by the book attitude is always for the benefit of the student. Even if I disagree with some of his rules, I can't deny his reasoning behind them nor his end goal of it helping the students we are sworn to uplift. He works tirelessly to apply for grants, money for the school, push for programs that could benefit and improve the school, better the student's education, help staff with their needs, etc. The point is he clearly goes the extra mile even when he doesn't have to. He even put together a field trip for students who passed their summer school classes with a high grade and a good behavioral record ALL for the purpose of motivating students to do better. And it worked! Many students passed their summer classes, improved themselves, and as a reward got to experience a fun yet educational field trip that they would've never gone on if Hanlon hadn't arranged it. You cannot convince me that he is "incompatible" with GUSD after seeing that. Hanlon is the kind of principal this district needs to get on a better path! Ever since I started working at the Globe Unified School District, the phrase that was always emphasized was "Capturing Hearts, Empowering Minds." From the beginning, I believed that all who worked at GUSD believed in this phrase as I believe in it strongly myself. However, events leading up to and continuing after Hanlon's "forced leave of absence" has made me question whether administration truly believes in it. There are two sides to every story however from the perspective of teachers, it appears Hanlon was tossed out of spite and disagreements with leadership rather than a difference in "teaching philosophy." This has created more damage than anyone could've possibly known. It has shaken staff members who are now uncertain if future leadership could live up to what Hanlon had created. It has created fear among staff that the district will target any staff member who voices concerns or criticism at the district, being labeled "incompatible" as well. Staff are afraid to send school emails to each other talking about this, fearing the district is "listening in on them" and will get rid of them if they side with Hanlon (which many staff already do, they just won't say it openly). I feel that handling of this situation is incompatible with the philosophy of this school and humbly ask that the school board reconsider their decision.

Thank you.

CASE NO. _____

Hanlon _____

vs. Jennex _____

PLAINTIFF'S EXHIBIT 8 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk

October 13, 2022

To the GSUD Board, the Globe Community, and those interested in our youth's education:

I am writing this letter as a response to my concern with the Administrative Leave that was imposed on Mr. James Hanlon, the Globe High Principal on October 11, 2022.

When he first arrived, he made it clear that he had a vision for the students at GHS. As you probably know, the average reading level here at Globe High is around the 5th grade level, and, as Mr. Hanlon put it, that simply isn't college or career ready. To focus the high school's attention on raising the bar and bettering the student's academic level, Mr. Hanlon established new rules, which weren't always accepted, but that were completely understandable and, moreover, they seemed to be working. He was highly engaged with students and took the time to talk with them one on one to understand their personal needs.

When it came to the faculty, he held them accountable for their work and made it clear that staff were expected to provide high quality educational activities. He also stressed that teachers should design their classes to be from bell to bell to maximize student learning. Under his guidance the students raised their ACT scores one point and students were showing great improvement in their reading levels. Some tests results showed that students were moving up entire grade levels when it came to their reading. He also collaborated with teachers and the community to get a significant amount of AR books in our library, give students different a wide range of job exposure, and incentivize good attendance and grades.

Later, faculty, staff, parents, and students were told that Mr. Hanlon was to be placed on administrative leave due to *his and the school's leadership philosophies being incompatible* as Mr. Jennex explained in a meeting. As I understand it, Mr. Hanlon is an honest man with an honest interest in the students' personal and academic wellbeing. I struggle to understand how that philosophy conflicts with that of GUSD's.

I as an educator, I am very sad to see how Mr. Hanlon was forced to leave the high school, because we lost a *highly* valuable member on our team. Also, this event has also forged distrust amongst the teachers and administration.  Various teachers have mentioned how they feel that what happened to Mr. Hanlon was unjust, but fear of speaking up due to retaliation or being forced out of a job like he was.  Others have looked back to other instances within these past few years where other teachers were also *incompatible* and were asked to leave just like Mr. Hanlon. And others, have confessed with to their colleagues that they feel as if they are next in line, not because of their incompetence at work, but because of the Administration's dislike for them as a person.

I ask that you reflect on this unfortunate situation and truly question what the philosophy and vision are for the three schools at GUSD so that we move forward in a positive and progressive manner, serve our students the best we can, and retain the faculty and staff who want to make our goals reality.

Thank you,

Anonymous Educator

CASE NO. _____

Hanlon

VS. Jennex

PLAINTIFF'S EXHIBIT 9 _____

DATE: _____IDEN.

DATE: _____ EVID.

BY: _____

Deputy Clerk

To whom it may concern:

I would like to express my feelings concerning the leave that Mr. Hanlon was placed on. With all sincerity, I like Mr. Hanlon as a person, but he wasn't exactly my favorite principal. He was very progressive, which is wonderful, but sometimes I felt that he piled more work on my already overflowing plate. However, putting my feelings towards him aside, I was very upset with how he went. His leave was dropped on us like a bomb, and we were told sorry for the inconvenience, that there were many things that administration couldn't share with us, and that we needed to accept it. Now, I respect Mr. Jennex very much and if he felt that Mr. Hanlon wasn't compatible with GHS I'm sure he must have had his reasons. Nevertheless, I hope Admin can place themselves in our shoes as well and see how this event was seemingly unjust from our perspective.  And by saying that I don't mean to imply anything or attack anyone, I would just like to ask for a little more transparency to ensure that teachers continue feeling that they can trust our Admin.

Thank you for listening.