**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James J. Hanlon, | No. CV-23-00177-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Jerry Jennex, et al., | |
| Defendants. | |

Before the Court are Plaintiff James J. Hanlon's ("Plaintiff") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 2) and Memorandum in Support (Doc. 3). Plaintiff brings this action against Defendants Jerry Jennex and Globe Unified School District (together, "Defendants"), alleging violations of his First and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, as well as various state-law claims. Plaintiff's claims arise out of Defendants' removal of Plaintiff from his position as Globe High School Principal. Specifically, Defendants placed Plaintiff on administrative leave and voted to non-renew Plaintiff's contract for the 2023–2024 school year. Plaintiff alleges that these actions violated his constitutional rights. (*See* Doc. 1, "Complaint").

Plaintiff seeks to enjoin Defendants from "continuing Plaintiff on 'administrative leave' and requiring Defendants to immediately reinstate Plaintiff to his position as Globe High School Principal until the Court can address the procedural, substantive, and statutory concerns raised in Plaintiff's Complaint." (Doc. 2 at 1–2).

///

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than prohibitory, injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).[2]

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order may be entered "without written or oral notice to the adverse party," Fed. R. Civ. P. 65(b). A TRO may issue, *ex parte*, only where there are: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, Plaintiff states that "Defendants will be provided with copies of the Complaint, this Motion, and Plaintiff's Memorandum of Points and Authorities via email immediately after this document is filed with the Court." (Doc. 2 at 2). However, Plaintiff

---

[1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

has not filed any proof that such notice actually occurred, and the Court cannot simply assume that it did. Moreover, Defendants have not yet appeared in this action. The Court must treat Plaintiff's request as seeking a TRO *without* notice. That being the case, Plaintiff has failed to establish either prong necessary for a TRO to issue without notice. First, although Plaintiff asserts specific facts in his verified Complaint relating to the irreparable injuries he faces, Plaintiff fails to allege any facts that go to the *immediacy* of such harm. In other words, Plaintiff has not demonstrated that the harms he alleges are *so immediate* that relief cannot wait for Defendants to at least be given a chance to be heard in opposition. Second, Plaintiff has failed to offer any reasons—in his Motion or in his Complaint—why notice should not be required in this case. In sum, Plaintiff fails to meet the Rule 65(b) requirements for granting a TRO without notice.

Nonetheless, given the nature of the harm alleged, the Court will exercise its discretion to expedite briefing and advance a hearing on Plaintiffs' request for a preliminary injunction. Accordingly,

**IT IS ORDERED**:

1. **TRO**: That Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied to the extent it seeks a TRO**.

2. **Service**: That, no later than close of business on **January 30, 2023**, Plaintiff must serve a copy on Defendants and file proof of service with the Court of the following: (1) the Complaint; (2) the Motion and Memorandum for Temporary Restraining Order and Preliminary Injunction and any attachments; and (3) this Order.

3. **Hearing**: That a Preliminary Injunction Hearing is set for **February 10, 2023 at 9:00 a.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona 85003, 5th Floor, Courtroom 501.

4. **Briefing**: That Defendants shall have until **February 6, 2023** to file any Response to Plaintiff's Motion for a Preliminary Injunction; Plaintiff shall have until **February 8, 2023** to file any Reply in support of their Motion.

5. **Joint Notice**: That the parties shall file a Joint Notice by **February 1, 2023**, indicating whether the Motion may be decided on the briefing and argument of counsel alone.

6. **Proposed Injunction**: That Plaintiffs shall submit a proposed form of preliminary injunction no later than **February 3, 2022**.

7. **Warning**: That if Defendants do not respond to the Motion for a Preliminary Injunction or fail to appear at the above-scheduled hearing, the Court will deem such failure as consent to granting the motion, *see* LRCiv 7.2(i).

Dated this 27th day of January, 2023.

Honorable Steven P. Logan
United States District Judge